Norman J. Roger SBN 62554
Patricia M. Fama, SBN 138362
ROGER, SCOTT & HELMER LLP
1001 Marshall Street, Suite 400
Redwood City, Ca. 94063
Telephone: 650-365-7700
Facsimile: 650-365-0677

130027
Attorney for Plaintiff,
CONTRACTORS BONDING and INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONTRACTORS BONDING AND
INSURANCE COMPANY,

    Plaintiff,

v.

YUE H. LEI, dba K&D CONSTRUCTION; SUSAN MARSH; and RICHARD JACQUOT

    Defendants.

Case No. CV 08-1973

**COMPLAINT FOR DECLARATORY RELIEF**

E-filing

BY FAX

    COMES NOW plaintiff Contractors Bonding and Insurance Company ("CBIC") and complains against defendants as follows:

**PARTIES**

    1.    Plaintiff CBIC is a corporation incorporated under the laws of the State of Washington with its principal place of business in Seattle, Washington. CBIC is authorized to transact the business of insurance in the State of California.

1
COMPLAINT FOR RESCISSION, REFORMATION and DECLARATORY RELIEF

2. Plaintiff is informed and believes, and thereon alleges, that defendant Yue H. Lei, dba K&D Construction ("Lei") is an individual doing business under the laws of the State of California, with his principal place of business in San Francisco.

3. Plaintiff is informed and believes, and thereon alleges, that defendants Susan Marsh and Richard Jacquot are individuals who at all times relevant herein and currently reside in the State of California. Marsh and Jacquot are named as parties to this action solely so that they will be bound by any determinations or relief that CBIC might secure against Lei.

## ACTION

5. This is an action for a declaratory judgment and a determination that CBIC does not have an obligation to defend or indemnify Lei in connection with a civil suit for personal injuries being prosecuted by Marsh and Jacquot.

## JURISDICTION

4. The controversy for which plaintiff requests a declaratory judgment involves parties who are subject to the diversity jurisdiction of this court and the amount in controversy exceeds the $75,000 jurisdictional limitation set forth in 28 U.S.C. §1332.

## VENUE

7. Venue is proper in the Northern District of California in that the defendants are subject to personal jurisdiction in this district at the time this action is commenced (28 U.S.C. §1391(c)) and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL RECITALS AND INSURANCE POLICIES

8. CBIC issued Lei a Commercial General Liability Insurance Policy in force for the period April 27, 2003 to April 27, 2004. The policy expressly declared that the insured's form of business was as an "individual."

9. On or about March 3, 2003 Lei submitted an application for insurance coverage to CBIC which provided, among other things, that the applicant was a sole proprietorship engaged in the business of commercial and residential remodeling.

2
COMPLAINT FOR RESCISSION, REFORMATION and DECLARATORY RELIEF

10. Based on the application CBIC issued a quotation pursuant to which it offered to provide third party commercial general liability insurance coverage to Lei and Lei accepted the quotation.

11. On or about April 27, 2003, CBIC issued Policy No. INSBB5423, a policy of Commercial General Liability Insurance, to Yue H. Lei, dba K&D Construction. The policy had effective dates of April 27, 2003 to April 27, 2004. The operative coverage form for the policy was the CG0001, 01/96 edition.

12. At the time CBIC issued its policy the California Contractors State License Board showed that Lei was doing business as a "sole ownership" under license number 632249 issued on November 19, 1991 and expiring on November 30, 2009.

13. The California Contractors State License Board also shows that in 1995 Lei formed a partnership with Kin Wai Wong under the name Excelsior Contractants. Excelsior Contractants was issued contractors license number 710599 on August 1, 1995 with an expiration date of November 27, 1996.

14. On or about September 18, 1995 Excelsior Contractants, under license number 710599, entered into a contract with the San Francisco Unified School District to perform remodeling work to convert a basement storage room at San Francisco's Mission High School into a community health center.

15. Part of the work involved the installation of cabinets in the new center. Excelsior Contractants subcontracted the cabinet work to a third party subcontractor.

16. At the time Excelsior Contractants was formed and performing work it procured policies of Commercial General Liability insurance from Travelers Property Casualty Company of America. Policy number IJ680-368W4648 issued by Travelers had a policy period of May 3, 1994 through May 3, 1995 and May 3, 1995 through May 3, 1996.

17. On August 24, 2005 Marcs filed suit for substantial personal injuries she sustained as the result of a cabinet at the community center falling on her on August 25, 2003.

Jocquot filed a claim for loss of consortium resultant of the injuries suffered by Marsh. Lei, among others, was named as a defendant in the underlying action.

18. CBIC received notice of the claim and suit for damages in relation to the work of Excelsior Contractants in connection with remodeling work performed at Mission High School by Excelsior Contractants, *Marsh et al. v. Kin Wong, et al.* Action No, CGC05444356 in the Superior Court for the State of California, County of San Francisco (the "underlying action").

19. CBIC agreed to defend Lei in relation to the underlying action. Later, however, CBIC learned that the work at the Mission High School project had not been performed by its insured but by the partnership of Excelsior Contractants, an entity that does not qualify as an insured under the CBIC policy.

20. The CBIC policy provides that where, in a case such as the policy it issued to Lei describes the insured as an individual, then "you and your spouse are insureds, but only with respect to the conduct of a business of which you are *the sole owner*." (Emphasis added.)

21. The CBIC policy further provides that:

> No person or organization is an insured with respect to the conduct of any current *or past partnership,* joint venture or limited liability company that is not shown as a Named Insured in the Declarations." (Emphasis added.)

22. Excelsior Contractants, a past partnership in which Lei participated and which performed as general contractor the work which allegedly caused injury to Marsh is not named as an insured in the CBIC policy.

## FIRST CAUSE OF ACTION

23. CBIC realleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 22 of the Complaint.

24. CBIC is informed and believes, and therefore alleges, that the work performed at Mission High School in 1995, and which allegedly resulted in the injuries suffered by Marsh in 2003, was performed by the partnership of Excelsior Contractants. CBIC's insured, Lei, was a partner in Excelsior Contractants.

25. Lei is only an insured under the CBIC policy with respect to the conduct of a business of which he is the sole owner. CBIC is informed and believes that Lei was not the sole owner of Excelsior Contractants as thus is not an insured under the CBIC policy with respect to the claims being made by Marsh and Jocquot.

25. The CBIC policy also expressly provides that no one is an insured, even a person otherwise insured under the CBIC policy, with respect to the conduct of any past partnership that is not named as an insured in the CBIC policy. The liability being asserted against Lei is with respect to his involvement in the past partnership of Excelsior Contractants and Excelsior Contractants is not named as an insured in the CBIC policy.

26 Thus, CBIC seeks a declaration the Lei is not an insured under the CBIC policy with respect to the liabilities being asserted against him by Marsh and Jocquot as the liability arises out of his participation in the conduct of a business of which he was not the sole owner and out of his participation in a past partnership that is not named as an insured in the CBIC policy.

27. CBIC will suffer substantial harm and injury if the requested declaration is not granted as CBIC has incurred expenses in defending Lei against the claims being made in the underlying action, is continuing to incur expenses in the defense of Lei, and the underlying suit being prosecuted against Lei is proceeding to trial.

28. An actual and present controversy now exists between CBIC and others in that, for the reasons described above, CBIC contends it is not obligated to defend anyone in connection with underlying action. CBIC is informed and believes, and thereon alleges, that defendants dispute these contentions and contend that CBIC is obligated to fully defend Lei in the underlying action.

41. CBIC desires a judicial determination and declaration of the parties' respective rights and duties under the policy issued to Lei. Specifically, CBIC desires a judicial determination and declaration that its interpretation of the provisions of Policy No. INSBB5423 is correct and that CBIC is not obligated to defend or indemnify Lei in connection with the underlying action for the reason that Lei does not qualify as an insured under the CBIC policy

5
COMPLAINT FOR RESCISSION, REFORMATION and DECLARATORY RELIEF

in connection with the claims being made by Marsh and Jacquot. Such a declaration is necessary and appropriate at this time because CBIC has no adequate remedy at law, the Marsh and Jacquot suit is proceeding to trial and, by reason of any delay, CBIC will suffer great and irreparable injury.

WHEREFORE, CBIC prays for judgment as set forth below.

1. For a declaration of all rights, duties and obligations of the parties under Policy No. INSBB5423;

2. That a judgment be entered against defendants determining that CBIC has no obligation to defend Lei, or anyone else, against any claims made or suits brought in connection with the underlying action;

3. That a judgment be entered against defendants determining that CBIC has no obligation to indemnify Lei, or anyone else, against any claims made or suits brought in connection with the underlying action;

4. For a judgment that CBIC is entitled to recover all fees and costs incurred in defending Lei against claims for uncovered damages;

5. For reimbursement of reasonable attorneys' fees and other litigation expenses according to proof;

6. For costs of suit incurred herein; and

7. For such other further relief as this Court deems just and proper.

DATED: April 14, 2008                    ROGER, SCOTT & HELMER LLP

                                         By: _____
                                             Norman J. Roger
                                             Patricia M. Fama
                                             Attorneys for Plaintiff

COMPLAINT FOR RESCISSION, REFORMATION and DECLARATORY RELIEF